UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROSEMARY KAPKOWSKI,<br><br>        Plaintiff,<br><br>  -against-<br><br>CREDIT COLLECTION SERVICES, INC. d/b/a CCS COMMERCIAL,<br><br>        Defendant. | **COMPLAINT** |

NOW COMES Plaintiff, Rosemary Kapkowski ("Plaintiff"), by and through her attorneys, and for his Complaint against Defendant, Credit Collection Services, Inc. d/b/a CCS Commercial ("Defendant"), alleges as follows:

Nature of the Action

1.     This action is brought by Plaintiff pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

Parties

2.     Plaintiff is a natural person residing in Clark, Union County, New Jersey.

3.     Plaintiff is allegedly obligated to pay a debt and is a consumer as defined by 15 U.S.C. § 1692a(3).

4.     Defendant is a business entity with an office located at Two Walls Avenue, Newton, Massachusetts 02459.

5.     Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6), and sought to collect a debt from Plaintiff.

6. Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## Jurisdiction and Venue

7. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

8. Defendant conducts business in the State of New Jersey establishing personal jurisdiction.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## Factual Allegations

10. Prior to the filing of this action, an account was placed with Defendant by a third party to collect monies from Plaintiff alleged to be owed and past due ("debt"), which Defendant assigned file number xx xxxx 94879.

11. The alleged debt arises from transactions on Kohl's Department Stores credit card, which was for personal, family and household purposes.

12. In connection with its attempts to collect the alleged debt, Defendant places telephone calls ("collection calls") to Plaintiff on her residential telephone line, telephone number (732) 381-51xx, and sends written letters to Plaintiff attempting to collect the alleged debt ("collection letters").

13. Plaintiff has an answering service which allows callers to leave her a message if a call is not answered.

14. In or around January of 2014, Defendant placed a collection call to Plaintiff that was not answered and therefore, Defendant left Plaintiff an artificial, prerecorded message on her answering service.

15. The artificial, prerecorded message that Defendant left for Plaintiff stated:

> This is a personal message for Rosemary Kapkowski. If you are not Rosemary Kapkowski, please hang up as a personal message is about to follow. By continuing to listen, you have effectively acknowledged that you are Rosemary Kapkowski. This is Melissa Hilton, calling from CCS Commercial. Please call 877-940-9000 for personal assistance. Thank you.

16. Defendant has left the same artificial, prerecorded message for Plaintiff multiple times.

17. Defendant's artificial, prerecorded message failed to state that it is a debt collector.

18. Instead, Defendant only stated that it was calling for "personal assistance."

19. Defendant intentionally attempts to mislead and deceive Plaintiff by not disclosing that the true nature and purpose of its collection call is to collect a debt.

## CLAIM FOR RELIEF

20. Defendant's violations of the FDCPA include, but are not limited to, the following:

    a. Defendant violated § 1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt; and

    b. Defendant violated § 1692e(11) of the FDCPA by failing to disclose in its written communication that it is a debt collector

21. Plaintiff is entitled to her attorney's fees and costs incurred in this action.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

(1) Statutory damages of $1000.00 pursuant to 15 U.S.C. § 1692k;

(2) Reasonable attorneys' fees, costs pursuant to 15 U.S.C. § 1692k; and

(3) Awarding such other and further relief as may be just, proper and equitable.

<u>Certification Pursuant to Local Rule 11.2</u>

Pursuant to Local Rule 11.2, I certify that this matter in controversy is not the subject of any other action pending in any court, arbitration, or administrative proceeding.

Dated:      April 29, 2014              RESPECTFULLY SUBMITTED,

By: <u>/s/ Dennis Kurtz</u>
    Dennis Kurtz
    Kurz Law Group, LLC
    1936 N. Druid Hills Rd, NE
    Suite 100B
    Atlanta, GA 30319
    Attorney for Plaintiff